**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **BARBIE COOPER,** | |
| **Plaintiff,** | |
| **v.** | **1:04-cv-0861-WSD** |
| **ATLANTA BOARD OF EDUCATION,** | |
| **Defendant.** | |

## ORDER

This is an employment discrimination matter in which Plaintiff Barbie Cooper ("Plaintiff") alleges that Defendant Atlanta Independent School System ("Defendant"),[1] her former employer, discriminated against her on the basis of her race, gender and alleged disability. It is before the Court on the Magistrate Judge's Report and Recommendation [62] regarding Defendant's Motion to Dismiss [43]

---

[1] Plaintiff's original Complaint named "Atlanta Public School Board of Education, Pupil Transportation, Administration" as the defendant in this action. (Compl. [2] ¶ 2.) Plaintiff subsequently filed an Amended Complaint in which she named "Atlanta Board of Education" as the defendant. (Am. Compl. [5] ¶ 2.) Defendant has represented that Plaintiff's "Atlanta Board of Education" designation is incorrect, and that the correct name of the identity which Plaintiff seeks to recover against is "Atlanta Independent School System." (Def.'s Mot. to Dismiss [15] at 1; R&R [18] at 1 n.1; November 2005 R&R at 1 n.1.)

and Plaintiff's Motion for Partial Summary Judgment [47] (the "July 2005 Report and Recommendation"), Plaintiff's Motion to Compel [63], Plaintiff's Request for Hearing [64] and the Magistrate Judge's Report and Recommendation [68] regarding Defendant's Motion for Summary Judgment [56] (the "November 2005 Report and Recommendation").

I.    BACKGROUND

Unless otherwise indicated, the Court draws the undisputed facts from Defendant's statement of material facts filed in support of its motion for summary judgment, as well as the Magistrate Judge's recitation of the material facts in the November 2005 Report and Recommendation.  As discussed infra, these facts are deemed to have been admitted because Plaintiff failed to specifically controvert them in her response to Defendant's statement of material facts and has failed to object to the Magistrate Judge's findings of fact set out in the November 2005 Report and Recommendation.

Plaintiff was employed by Defendant as a bus driver during the 2001-2002 school year.  Because of her excessive unscheduled absences and truancies, Richard Jackson, Plaintiff's immediate supervisor, counseled and warned Plaintiff about her need to improve her attendance and timeliness, and to document her

reasons for being tardy and/or absent.  When Plaintiff's attendance failed to improve, Plaintiff received numerous warning letters (termed "corrective action notifications"), as well as a written reprimand on October 31, 2001.  The reprimand admonished Plaintiff that, as a final corrective action, she would be placed on a work improvement program, and that, if she committed any further violations, she would be subject to further discipline, including suspension or discharge.

Plaintiff failed to comply with the terms of the work improvement plan, and she received additional written reprimands in December 2001, January 2002 and May 2002.  As a result of these violations, Harold Walker, Director of Transportation for Defendant, recommended that Plaintiff be discharged at the end of the 2001-2002 school year.  Defendant discharged Plaintiff on July 25, 2002. She appealed her discharge to the Civil Service Commission, and, in January 2003, the Commission upheld Defendant's decision.  Five months later, Plaintiff filed a new application for employment as a bus driver.  In September 2003, Defendant denied her application because she had previously been discharged for cause.

On October 30, 2003, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").  On November

17, 2003, the EEOC dismissed her charges and issued her a right-to-sue letter.

Plaintiff filed the instant action on February 4, 2004, alleging Defendant

discriminated against her on the basis of her race (African-American), national

origin, gender, religion (Methodist) and alleged disability in violation of Title VII of

the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with

Disabilities Act ("ADA") when it discharged her in July 2002 and failed to rehire her

in September 2003.  Plaintiff also alleges she was subject to a hostile work

environment on account of her gender during her employment with Defendant, and

that Defendant's failure to rehire her in September 2003 was in retaliation for

protected activity under Title VII.

## II.   DISCUSSION

### A.   The July 2005 Report and Recommendation

On March 14, 2005, Defendant moved to dismiss Plaintiff's claims for (1)

failure to appear for her properly noticed deposition; and (2) after appearing for her

rescheduled deposition, failing to answer questions posed to her by counsel for

Defendant.  (Def.'s Mem. of Law in Supp. of Mot. to Dismiss [43] at 1-4.)  On

March 28, 2005, Plaintiff moved for partial summary judgment on her claim of

discriminatory discharge under Title VII.  (<u>See</u> Pl.'s Mot. for Partial Summ. J. at 1.)

On July 14, 2005, the Magistrate Judge issued a Report and Recommendation recommending that the Court deny Defendant's Motion to Dismiss and Plaintiff's Motion for Partial Summary Judgment.  The Magistrate Judge held that Plaintiff's failure to cooperate with Defendant in making herself available for deposition did not warrant dismissal of her claims, that Defendant is entitled to an award of its reasonable attorneys' fees in bringing the motion.  (July 2005 R&R at 1-2.)  With respect to Plaintiff's Motion for Partial Summary Judgment, the Magistrate Judge recommended that the Court deny this motion without prejudice because it did not comply with the formatting requirements of the Local Rules, and because it was premature, having been filed before the expiration of the discovery period.  (<u>Id.</u> at 2-3.)

Plaintiff filed objections to the July 2005 Report and Recommendation on August 1, 2005.  In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the portions of the Report and Recommendation to which Plaintiff has objected.  The Court has reviewed the remainder of the Report and

Recommendation for plain error.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiff's objections to the July 2005 Report and Recommendation are vague and unpersuasive.  As an initial matter, Plaintiff states that she does not object to the Magistrate Judge's conclusions with respect to Defendant's Motion to Dismiss, and agrees that the Court's ruling "should include also Attorney Fees." (Pl.'s Objections to July 2005 R&R [63] at 1.)  With respect to her Motion for Partial Summary Judgment, Plaintiff argues that the motion should not have been denied as premature, citing Defendant's alleged failure to adequately respond to her discovery requests.  (<u>Id.</u> at 2-3.)  Defendant's alleged failure to provide adequate discovery does not constitute grounds for challenging the Magistrate Judge's conclusion with respect to Plaintiff's motion.  This alleged failure could have been properly addressed by the timely filing of a motion to compel, and the docket in this case reflects that Plaintiff filed, and the Court considered, a number of motions to compel concerning Defendant's discovery obligations.  Accordingly, Plaintiff's objections regarding the July 2005 Report and Recommendation are OVERRULED

and, finding no plain error in the remainder of the Report and Recommendation, it is adopted by the Court.[2] [3]

      B.    <u>Plaintiff's Motion to Compel</u>

Included in Plaintiff's Objections to the July 2005 Report and Recommendation is a section entitled "Motion to Compel." (Pl.'s Objections to July 2005 R&R at 3-4.) Local Rule 37.1 sets out the requirements for a motion to compel filed in this Court. The rule requires, *inter alia*, that motions to compel include a certification that the movant has conferred in good faith with the opposing party or its counsel regarding the discovery matters which are the subject

---

[2] In connection with the award of attorneys' fees, the Magistrate Judge in his Report and Recommendation directed Defendant to "submit an itemized bill showing the time defense counsel spent on drafting the motion and on attending the aborted depositions, and the Court Reporter's attendance fees thereat, which bill shall also include defense counsel's hourly pay rate." (July 2005 R&R at 4.) It does not appear from the docket that such an itemized bill has been submitted by Defendant or approved by the Magistrate Judge, presumably because the Report and Recommendation was not yet adopted by the Court. Should Defendant decide to seek the award of fees authorized by the July 2005 Report and Recommendation, it should submit the itemized bill, along with supporting affidavit(s), on or before February 17, 2006. Plaintiff may file her objection to the bill, if any, on or before March 6, 2006.

[3] On August 22, 2005, Plaintiff moved the Court for a hearing on the July 2005 Report and Recommendation and her objections to it [64]. Because Plaintiff fails to demonstrate that such a hearing is necessary or warranted under the circumstances of this case, her request is DENIED.

of the motion, and that a motion to compel must be filed within the time remaining prior to the close of discovery or, if longer, within ten (10) days after service of the disclosure or discovery response upon which the objection is based.  L.R. 37.1(A), (B), N.D. Ga.

Plaintiff's motion fails to satisfy the requirements of Local Rule 37.1. Discovery in this case concluded on June 15, 2005.  (See Minute Entry for April 29, 2005 Discovery Hearing [53] at 1.)  Plaintiff did not file her motion until August 1, 2005, over a month after the close of discovery and in response to Defendant's Motion for Summary Judgment.  Further, the motion does not include the good-faith conference certification required by Local Rule 37.1 and otherwise fails to comply with the format and content requirements of that rule.  Accordingly, Plaintiff's Motion to Compel is DENIED.[4]

---

[4]  In Title VII cases in this Court, discovery motions generally are referred to the assigned magistrate judge for initial determination.  Here, the Magistrate Judge has taken the position that because Plaintiff's purported motion to compel was included in her Objections to the July 2005 Report and Recommendation, it should be decided by the District Judge in the first instance.  (See October 11, 2005 Order [65] at 2.)  In the undersigned's view, this position does not comport with the manner in which discovery motions in Title VII cases are to be processed in this District.  Nevertheless, the Court has decided the motion itself rather than refer it back to the Magistrate Judge for determination.

C.      November 2005 Report and Recommendation

On July 11, 2005, Defendant moved for summary judgment on all of Plaintiff's claims.  Plaintiff's initial response to Defendant's motion was improperly included in her Objections to the July 2005 Report and Recommendation and did not comply with the format and content requirements of Local Rule 56.1.  On October 11, 2005, the Magistrate Judge issued an order directing Plaintiff to file an amended response to Defendant's motion within twenty (20) days of the order.  (October 11, 2005 Order [65] at 1-2.)  The order also directed the Clerk of Court to send Plaintiff a copy of Local Rule 56.1, and expressly referred Plaintiff to Local Rule 56.1(B)(2) for guidance on the proper format for filing a response to the Defendant's Motion for Summary Judgment.  (Id. at 2.)

Plaintiff filed her amended summary judgment response on October 31, 2005.  Again, however, this response failed to comply with the format and content requirements of Local Rule 56.1.  (See Pl.'s Resp. to Mot. for Summ. J. [67] at 1-2.)  The response consists of four paragraphs asserting vague and conclusory objections to Defendant's motion.  (See id.)  Plaintiff did not address the specific summary judgment arguments raised in Defendant's brief, and she did not include a

response to Defendant's statement of material facts or a statement of additional

facts which she contends are material and present a genuine issue for trial.  (See id.)

On November 21, 2005, the Magistrate Judge issued his Report and

Recommendation recommending that the Court grant Defendant's Motion for

Summary Judgment and enter judgment in favor of Defendant.  Specifically, the

Magistrate Judge concluded that summary judgment is warranted because

(1) Plaintiff failed to exhaust her administrative remedies with respect to her claims

for discriminatory discharge and sexual harassment under Title VII and her claim

for disability discrimination under the ADA (November 2005 R&R at 17-23, 38-

41); (2) she failed to establish that Defendant's legitimate, non-discriminatory

reason for failing to rehire her in September 2003 was a pretext for unlawful

discrimination (id. at 33-37); and (3) she failed to establish a prima facie case of

retaliation with respect to Defendant's failure to rehire her (id. at 27-33).[5]

_____

[5] The Magistrate Judge also concluded that the facts set out in Defendant's
Statement of Material Facts should be deemed to be admitted because Plaintiff
failed to properly controvert these facts as required by Local Rule 56.1, (November
2005 R&R at 8), that Plaintiff did not assert or prosecute a claim for age
discrimination in this case, (id. at 3 n.5), and that she had abandoned her alleged
claims for discriminatory failure to promote and for discrimination based on

On December 9, 2005, Plaintiff moved for a sixty (60)-day extension of time to file objections to the November 2005 Report and Recommendation, arguing that such an extension was necessary to allow her sufficient time to "establish [her] claim and provide documents to substaniate [sic] fact and arguments' error and objection." (Pl.'s First Mot. for Extension [69] at 1.)  On December 29, 2005, the Court granted in part and denied in part Plaintiff's motion.  (December 29, 2005 Order at 1-2.)  The Court found that providing Plaintiff sixty (60) additional days to file objections would unduly delay the disposition of the case, and that Plaintiff did not demonstrate sufficient cause for such a lengthy delay.  (Id. at 2.)  The Court provided Plaintiff until January 13, 2006, to file her objections.  (Id.)  The Court expressly admonished Plaintiff that no further extensions of time would be permitted and that it would not consider objections filed after January 13, 2006. (Id.)

Plaintiff did not file her objections on or before January 13, 2006.  On January 20, 2006, Plaintiff filed an out-of-time motion for additional time to file her objections.  (Pl.'s Second Mot. for Extension [71] at 1-2.)  Notwithstanding its

religion (id. at 6 n.9).

previous statement that no further extensions would be permitted, the Court

provided Plaintiff through noon on January 30, 2006, to file her objections.

(January 25, 2006 Order [72] at 1.)  Plaintiff was admonished that failure to file her

objections on or before January 30, 2006, would result in dismissal of this case.

(Id.)  As of the date of this order, no objections have been filed.

Because no objections to the Report and Recommendation have been filed,

the Court must conduct a plain error review of the record.  United States v. Slay,

714 F.2d 1093, 1095 (11th Cir. 1983).  After careful review, the Court finds no

plain error in the Magistrate Judge's factual or legal conclusions.  However, the

Court finds there are several matters addressed in the Report and

Recommendation that warrant clarification.  Subject to these clarifications, the

Court adopts the November 2005 Report and Recommendation regarding

Defendant's Motion for Summary Judgment.

First, Plaintiff in her Amended Complaint alleges that Defendant

discriminated against her on the basis of national origin.  (Am. Compl. ¶ 6(D).)

"National origin" refers to "the country in which a person was born, or from which

the person's ancestors came."  Black's Law Dictionary 1047 (7th ed. 1999).  The

November 2005 Report and Recommendation incorrectly characterizes Plaintiff's

Title VII claim for national origin discrimination as a claim for discrimination on the

basis of color.  (See R&R at 27 n.18.)  Because the standards for evaluating

summary judgment in a national origin discrimination case are the same as those

used in evaluating a race discrimination case, and because Plaintiff failed to cite any

evidence from which a reasonable juror could conclude that Defendant's legitimate,

non-discriminatory reason for failing to rehire her was a pretext for unlawful

national origin discrimination, summary judgment on this claim is warranted.  See

Waldemar v. Am. Cancer Soc., 971 F. Supp. 547, 557-58 (N.D. Ga. 1996).


        Second, the Report and Recommendation is less than clear regarding the

Magistrate Judge's application of the McDonnell Douglas framework to Plaintiff's

race and gender discrimination claims.  These claims concern Defendant's failure to

rehire Plaintiff in September 2003.  The Magistrate Judge concluded that Plaintiff

could establish a prima facie case of race discrimination with respect to

Defendant's failure to rehire her, but granted summary judgment on this claim

because Plaintiff did not offer evidence from which a reasonable jury could

conclude that Defendant's legitimate, non-discriminatory reason for its decision

was pretext for unlawful discrimination.  (November 2005 R&R at 25-27, 33-37.)

The Magistrate Judge further concluded that, to the extent Plaintiff asserts claims of

race or gender discrimination with respect to adverse employment actions other

than Defendant's failure to rehire her, these claims fail because she did not offer

evidence that a similarly situated employee outside of her protected class was

treated more favorably.[6]  (Id. at 27-29.)

The Magistrate Judge did not address the prima facie case of Plaintiff's

gender discrimination claim concerning Defendant's failure to rehire her in

September 2003.  Because his formulation of the prima facie case with respect to

---

[6]  The Court's confusion regarding this analysis stems from the Magistrate
Judge's discussion of the rehire decision in both the section concluding that
Plaintiff can establish a prima facie case of race discrimination, and in the section
concluding that Plaintiff cannot establish a prima facie case of race or gender
discrimination.  (Compare November 2005 R&R at 25-27 with November 2005
R&R at 27-28.)  Courts apply different formulations of the prima facie case
depending on the adverse employment action at issue.  See McDonnell Douglas
Corp. v. Green, 411 U.S. 792, 802 n.13 ("The facts necessarily will vary in Title
VII cases, and the specification above of the prima facie proof required from
respondent is not necessarily applicable in every respect to differing factual
situations.").  Here, the Magistrate Judge correctly applied the failure-to-hire
formulation of the prima facie case to Plaintiff's race discrimination claim
concerning Defendant's failure to rehire her.  (November 2005 R&R at 25-27.)  To
the extent he also included the rehire decision in subsequent sections applying a
more general disparate treatment formulation, the Court declines to adopt this
analysis.

Plaintiff's race discrimination claim applies with equal force to her gender

discrimination claim, the Court concludes that she can establish a prima facie case

of gender discrimination with respect to Defendant's failure to rehire her.  See

Underwood v. Perry County Comm'n, 431 F.3d 788, 794 (11th Cir. 2005) ("To

establish a prima facie case, the plaintiff must prove that (1) she is a member of a

protected class, (2) she was qualified for a position and applied for it, (3) she was

not considered for the position despite her qualifications, and (4) equally or less

qualified individuals outside of her protected class were considered or hired for the

position.").  Summary judgment is warranted on this claim, however, because, as

set out in the Report and Recommendation, Plaintiff fails to offer evidence from

which a reasonable jury could conclude Defendant's legitimate, non-discriminatory

reason for its decision was a pretext for unlawful discrimination.  (See November

2005 R&R at 35-37.)

       Third, Plaintiff in her Amended Complaint and Preliminary Report and

Discovery Plan vaguely alludes to other alleged conduct by Defendant which she

contends are relevant to her discrimination claims under Title VII, such as "abuse

of authority," "exploitation of labor," "repitious [sic] document," and "theif [sic]

by conversion."  (Am. Comp. ¶ 4, Joint Preliminary Report and Discovery Plan

[50] ¶ 1.)  To the extent Plaintiff contends such alleged conduct is relevant to her

Title VII or ADA claims, she failed to cite this alleged conduct in response to

Defendant's Motion for Summary Judgment and otherwise failed to support these

allegations with record evidence.  To the extent Plaintiff's allegations can be

construed as asserting state-law claims such as assault or conversion against

Defendant, these claims are dismissed without prejudice pursuant to 28 U.S.C. §

1367(c).  See 28 U.S.C. § 1367(c) ("A district court has discretion to decline to

exercise supplemental jurisdiction over the state law claims when . . . the district

court has dismissed all claims over which it has original jurisdiction . . . ."); United

Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims

are dismissed before trial, even though not insubstantial in a jurisdictional sense, the

state claims should be dismissed as well.").

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER**

the Magistrate Judge's Report and Recommendation [62] regarding Defendant's

Motion to Dismiss [43] and Plaintiff's Motion for Partial Summary Judgment

[47].  Defendant's Motion to Dismiss is **DENIED**, but Defendant is entitled to an award of its reasonable attorneys' fees incurred in bringing the motion, as discussed in Section II(A), <u>supra</u>.  Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

 **IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [63] and Request for Hearing [64] are **DENIED**.

 **IT IS FURTHER ORDERED** that, subject to the clarifications outlined in Section II(C), <u>supra</u>, the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation [68] regarding Defendant's Motion for Summary Judgment [56].  Defendant's Motion for Summary Judgment is **GRANTED** and the Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant against Plaintiff.  The Clerk is further **DIRECTED** to close this case.

 **SO ORDERED**, this 6th day of February, 2006.

        _____
        WILLIAM S. DUFFEY, JR.
        UNITED STATES DISTRICT JUDGE